IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

PAUL EDWARD LAHMANN,            )
                                )
                 Petitioner,    )
                                )
v.                              )   No. CIV-05-1450-L
                                )
WARDEN MILLER, et al.,          )
                                )
                 Respondents.   )

## **O R D E R**

This matter is before the court for review of Reports and Recommendations issued by the Honorable Robert E. Bacharach on December 19, 2005 and January 9, 2006. Given petitioner's payment of the filing fee, the December 19, 2005 Report and Recommendation is moot. In the January 9, 2006 Report, Judge Bacharach recommended summarily dismissing this action as barred by the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In his timely filed objections, petitioner argues that applying the AEDPA to bar his action would violate the ex post facto clause of the United States Constitution.

Pursuant to 28 U.S.C. § 636(b), the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In accordance with this mandate, the court has reviewed the January 9, 2006 Report and Recommendation, petitioner's objections

thereto and the case file. Based on this review, the court concludes that the Report and Recommendation should be adopted in its entirety.

The AEDPA amended 28 U.S.C. § 2254 by providing for a one-year statute of limitations for filing habeas corpus petitions. Pursuant to the statute and giving petitioner the benefit of every possible tolling period, he had until July 31, 2001 to file his federal habeas petition. Petitioner, however, did not file his petition until more than four years later. The petition is untimely and thus must be dismissed. *See* Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998). Petitioner's argument that application of the AEDPA's statute of limitations to bar his action violates the ex post facto clause is without merit. The ex post facto clause applies when a law retrospectively alters the definition of criminal conduct or increases the punishment for a crime. *See* Lynce v. Mathis, 519 U.S. 433, 441 (1997). The AEDPA statute of limitations does neither.

Petitioner's objections to the Report and Recommendation are overruled. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. No. 1) is dismissed as untimely. Judgment will issue accordingly.

It is so ordered this 30th day of January, 2006.

*[signature: Tim Leonard]*

TIM LEONARD
United States District Judge